TALLMAN, Circuit Judge,
dissenting:
The bankruptcy court made plausible factual findings based on the record presented. See Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“If the [bankruptcy] court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.”). Dr. Fisher admitted on cross-examination that Mendoza may not have been taking a therapeutic dose of his medication during the time of his examination and that this would affect Mendoza’s condition. The bankruptcy court determined that this admission severely undercut Dr. Fisher’s testimony.
Because there is nothing in the record to leave the court with a definite and firm conviction that the bankruptcy court was clearly erroneous, these factual findings should be upheld. However, I would remand the case back to the bankruptcy court to allow it to readdress Mendoza’s claim in light of our companion decision in Educational Credit Management Corp. v. Nys The issue is not whether Mendoza’s situation is “hopeless” but whether Mendo *665 za has shown “additional circumstances” that indicate his current inability to pay is likely to persist for a substantial portion of his loans’ repayment period.